IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KELLY S.N.,<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | Case No. 1:22-cv-01021-JEH |

**Order and Opinion**

Now before the Court is the Plaintiff Kelly S.N.'s Motion for Summary Judgment (Doc. 17), the Commissioner's Motion for Summary Affirmance (Doc. 20), and the Plaintiff's Reply (Doc. 21).[1] For the reasons stated herein, the Court GRANTS the Plaintiff's Motion for Summary Judgment, DENIES the Defendant's Motion for Summary Affirmance, and REMANDS this matter for proceedings consistent with this opinion.[2]

**I**

Kelly S.N. filed an application for supplemental security income (SSI) on September 3, 2019, alleging disability beginning on April 27, 2019. Her SSI claim was denied initially on March 12, 2020 and upon reconsideration on March 24, 2021. After a request for hearing before an administrative law judge, a hearing was held on July 8, 2021 before the Honorable John M. Wood (ALJ). At the hearing, Kelly was represented by an attorney, and Kelly and a vocational expert (VE)

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 12, 13).
[2] References to the pages within the Administrative Record will be identified by AR [page number]. The Administrative Record appears at (Docs. 8, 9) on the docket.

1

testified. Following the hearing, Kelly's SSI claim was denied on July 22, 2021. Her request for review by the Appeals Council was denied on November 26, 2021, making the ALJ's Decision the final decision of the Commissioner. Kelly timely filed the instant civil action seeking review of the ALJ's Decision on January 27, 2022.

## II

Kelly argues the ALJ committed the following errors: 1) the ALJ committed reversible error by implicitly rejecting the medical opinion of a State Agency consultant; and 2) the ALJ committed reversible error by inappropriately determining that 55,000 jobs in the nation represented a significant number of jobs.

## III

The Court's function on review is not to try the case de novo or to supplant the ALJ's findings with the Court's own assessment of the evidence. *See Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Pugh v. Bowen*, 870 F.2d 1271 (7th Cir. 1989). Indeed, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Although great deference is afforded to the determination made by the ALJ, the Court does not "merely rubber stamp the ALJ's decision." *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). The Court's function is to determine whether the ALJ's findings were supported by substantial evidence and whether the proper legal standards were applied. *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

In order to qualify for disability insurance benefits, an individual must show that his inability to work is medical in nature and that he is totally disabled. Economic conditions, personal factors, financial considerations, and attitudes of

the employer are irrelevant in determining whether a plaintiff is eligible for disability. *See* 20 C.F.R. § 416.966. The establishment of disability under the Act is a two-step process.

First, the plaintiff must be suffering from a medically determinable physical or mental impairment, or combination of impairments, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). Second, there must be a factual determination that the impairment renders the plaintiff unable to engage in any substantial gainful employment. *McNeil v. Califano*, 614 F.2d 142, 143 (7th Cir. 1980). The factual determination is made by using a five-step test. *See* 20 C.F.R. § 416.920. In the following order, the ALJ must evaluate whether the claimant:

1) is performing substantial gainful activity;

2) suffers from an impairment that is severe and meets a durational requirement, or suffers from a combination of impairments that is severe and meets the durational requirement;

3) suffers from an impairment which meets or equals any impairment listed in the appendix and which meets the duration requirement;

4) is unable to perform her past relevant work which includes an assessment of the claimant's residual functional capacity; and

5) is unable to perform any other work existing in significant numbers in the national economy.

*Id*. An affirmative answer at Steps Three or Five leads to a finding that the plaintiff is disabled. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005).

The plaintiff has the burdens of production and persuasion on Steps One through Four. *Id*. However, once the plaintiff shows an inability to perform past work, the burden shifts to the Commissioner to show ability to engage in some other type of substantial gainful employment. *Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011).

In the instant case, Kelly claims error on the ALJ's part at Steps Four and Five.

### A

At Step One, the ALJ determined Kelly had not engaged in substantial gainful activity since September 3, 2019, the application date. AR 15. At Step Two, the ALJ determined Kelly had the following severe impairments: fibromyalgia; depression; anxiety; PTSD; migraines; COPD; obesity; ischemic heart disease; and diabetes. *Id*. At Step Three, the ALJ determined Kelly did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id*. At Step Four, the ALJ made the following residual functional capacity (RFC) finding:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except she cannot climb ladders, ropes, or scaffolds; other postural functions can be performed occasionally, she must avoid environmental hazards such as unprotected heights and dangerous machinery, she must avoid concentrated exposure to extreme temperatures, pulmonary irritants, loud and very loud noise; she has a limitation to understanding simple and routine instructions, to making simple work-related decisions, and to the performance of simple and routine tasks on a sustained basis with little or no change in work settings or duties; no interaction with the public, and occasional interaction with coworkers and supervisors.

AR 19. The ALJ found Kelly unable to perform any past relevant work. AR 23. At Step Five, the ALJ determined that considering Kelly's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the

national economy that Kelly could perform.  AR 24.  The ALJ concluded Kelly had not been under a disability since September 3, 2019, the date the application was filed.  AR 25.

## B

Kelly first argues that the ALJ did not pose State Agency reviewing psychologist Howard Tin, PsyD's proposed limitation to the performance of one-to-two step tasks to the VE, so it is impossible to decipher how that might have affected job availability at the light and sedentary levels.  She also argues the ALJ did nothing with Dr. Tin's moderate limitation to maintaining attention and concentration for extended periods.  Kelly ultimately contends, given the requirement than an ALJ needs to consider the persuasiveness of medical opinions by at least articulating the factors of supportability and consistency, that an ALJ should offer good reasons for departing from an opinion he finds persuasive.  Kelly argues the ALJ failed to provide the requisite level of articulation where he neither fully accounted for moderate checkbox limitations nor relied on the narrative explanation provided.  The Commissioner argues Kelly's argument is off-base and at odds with the applicable law, and, simply, the ALJ adequately accounted for Dr. Tin's ratings and opinion in his assessment of Kelly's work abilities.

Dr. Tin, the State Agency reviewing psychologist who opined Kelly was moderately limited in the ability to maintain attention and concentration for extended periods, stated among other things in narrative form that "Claimant is capable of performing one and two-step tasks."  AR 168.  In his Decision, the ALJ observed "[t]he state agency" concluded Kelly had moderate limitation in her social interaction and concentration.  AR 23.  The ALJ explained he found the assessment to be persuasive where "they cite[d] to the claimant's mental status examinations that do not show marked deficit in her social functioning or

5

concentration." *Id*. The ALJ further explained that Kelly had not demonstrated a significant change in her mental condition since the opinions were rendered and the opinions remained consistent with the overall record. *Id*. In his RFC finding and question to the VE, the ALJ included a "limitation to understanding simple and routine instructions, to making simple work-related decisions, and to the performance of simple and routine tasks on a sustained basis with little or no change in work settings or duties; no interaction with the public, and occasional interaction with coworkers and supervisors." AR 19, AR 53.

With regard to medical opinions of record, pursuant to 20 C.F.R. § 416.920c, an ALJ must consider prior administrative medical findings using several factors, though the most important factors in evaluating the persuasiveness of those findings are supportability and consistency. 20 C.F.R. § 416.920c(a). An ALJ must explain how he considered the supportability and consistency factors in his Decision. 20 C.F.R. § 416.920c(b)(2). Of course, as for an ALJ's decision as a whole, the ALJ "must adequately articulate [his] analysis so that [a reviewing court] can follow [his] reasoning." *Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015).

The problem here is that Dr. Tin indicated Kelly was "Moderately limited" in the "ability to maintain attention and concentration for extended periods" and he narrated that she retained the capability to perform one and two-step tasks, but the ALJ stated Kelly retained the ability to perform "simple and routine tasks." AR 166, AR 168, AR 19. The Seventh Circuit Court of Appeals has stated an "ALJ need not use any 'magic words' in formulating a person's [RFC]." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). But it has also stated that "someone with problems concentrating may not be able to complete a task consistently over the course of a workday, no matter how simple it may be." *Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020). In fact, district courts within this Circuit have observed a limitation to one- to two-step tasks cannot necessarily be considered the same as a

6

limitation to simple or unskilled work. *See, e.g.*, *Kevin W. v. Kijakazi*, No. 20-cv-6557, 2023 WL 35178, at *4 (N.D. Ill. Jan. 4, 2023) (explaining a one- to two-step restriction functions as a term of art in the Social Security context, courts within the Northern District of Illinois have repeatedly interpreted the restriction to limit a claimant to Level 1 Reasoning jobs, and, comparatively, a restriction to "simple work" could include jobs with a Reasoning level of 2 or higher) (collecting cases); *Gwendolyn M. v. Saul*, No. 20-cv-606, 2022 WL 1000359, at *4 (S.D. Ill. Apr. 4, 2022) (remanding where the ALJ limited the claimant to understanding, remembering, and carrying out "simple instructions" but did not explain his decision to omit the one and two-step limitation opined to by the State Agency consultants though he gave significant weight to their findings).

In *Wetzel v. Commissioner of Social Security*, whereas the State Agency psychologist proposed that the claimant be limited to unskilled work that involved one- to two-step tasks, the ALJ asked the VE about a person with sufficient attention and concentration to perform no more than simple, routine, and repetitive tasks on a sustained basis. No. 13-cv-04070, 2015 WL 470202, at *7 (C.D. Ill. Feb. 3, 2015), R&R adopted by 2015 WL 1543720 (C.D. Ill. Mar. 30, 2015). This Court faulted the ALJ in that case for never explaining his reason for disregarding the State Agency doctor's proposed limitation for the claimant to one- to two-step tasks. 2015 WL 470202, at *8. This Court found problematic that there was no language to the effect of whether the ALJ's omission was inadvertent or intentional, and, thus, there was no logical bridge that allowed this Court to determine whether the failure to include the limitation was a conscious decision or a lapse in judgment. *Id.* (citing *Schlattman v. Colvin*, No. 12 C 10422, 2014 WL 185009, at *6 (N.D. Ill. Jan. 14, 2014)).

The Commissioner's argument does not really address the crux of Kelly's assignment of error. In fact, the Commissioner's cited case of *Surprise v. Saul*, 968

F.3d 658 (7th Cir. 2020), lends support to Kelly's position. The *Surprise* court explained that the claimant "has identified no authority saying that a one- to three-step instructions limitation is incompatible with reasoning level 2. Rather, courts have concluded only that a limitation to one- to *two*-step instructions disqualifies a claimant from occupations requiring [reasoning level 2]." 968 F.3d at 663 (emphasis in original). Here, all six of the jobs the VE identified at the hearing are listed as having a reasoning level of 2. In light of the foregoing authority coupled with the particular circumstances of this case, the ALJ's articulation as to the persuasiveness of Dr. Tin's opinion falls short.

The ALJ did not allude to finding any one portion of Dr. Tin's assessment of Kelly's mental limitations more or less persuasive. Given the potential discrepancy between a limitation to one- to two-step tasks and a limitation to simple, routine tasks, it was necessary for the ALJ to more fully explain his reasoning in that regard. Just as in *Wetzel*, the Court here cannot say that the ALJ's failure to include the one- to two-step limitation was harmless error where all six jobs identified by the VE available to Kelly require second level reasoning. 2015 WL 470202, at *8 ("The flaw in the Commissioner's argument that the ALJ could properly rely on [the VE's] testimony as substantial evidence in finding that [the claimant] was capable of performing a significant number of jobs found in the national economy is that [the VE] was only presented with the ALJ's RFC which did not include an express limitation to one- to two-step tasks"). The Court is also unpersuaded by the Commissioner's argument that fatal to Kelly's position is her failure to point to any record evidence showing further mental limitations. *See Christina L.L. v. Comm'r of Soc. Sec.*, No. 20-cv-00912, 2022 WL 897182, at *8 (S.D. Ill. Mar. 28, 2022) (explaining that the Commissioner's claim that there was no evidence to support any other limitations greater than those the ALJ set "overlook[ed] that the evidence before the ALJ itself supported a stronger

8

limitation, *i.e.*, the [State Agency consultants] noted limitations for which the ALJ did not account when formulating the RFC").

## C

Because remand is necessary to address the foregoing error, the Court need not address Kelly's remaining argument that the ALJ did not carry his burden at Step Five.

## IV

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment (Doc. 17) is GRANTED, the Defendant's Motion for Summary Affirmance (Doc. 20) is DENIED, and this matter is REMANDED pursuant to Sentence Four of 42 U.S.C. § 405(g) for proceedings consistent with this Opinion.

The Clerk of Court is directed to enter judgment as follows: "IT IS ORDERED AND ADJUDGED that the Commissioner of the Social Security Administration's denial of benefits is REVERSED, and this case is remanded to the Commissioner of Social Security for further proceedings pursuant to 42 U.S.C. § 405(g), Sentence Four."

*It is so ordered.*

Entered on April 24, 2023.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE